McCLEAN (WILSON v.). See Case No. 17,-819.

## Case No. 8,694.

### In re McCLELLAN.

[1 N. B. R. 389 (Quarto, 91); 1 Am. Law T. Rep. Bankr. 48.] [1]

District Court, D. Kentucky. 1868.

BANKRUPTCY—ASSIGNEE—POWER TO SELL—INCUMBRANCE—NOT AGREED ON.

1. The 20th section of the bankrupt act [of 1867 (14 Stat. 526)] confers authority on the assignee to make a sale of incumbered property without any order of court.

[Cited in Re Brinkman, Case No. 1,884; Sutherland v. Lake Superior Ship Canal Railroad & Iron Co., Id. 13,643; Re Cooper, Id. 3,190.]

[Cited in Clifton v. Foster, 103 Mass. 236; Markson v. Haney, 47 Ind. 35.]

2. When, however, the debt claimed by the creditor is not admitted by the assignee, and cannot be agreed between them, then the assignee should resort to the proper court to ascertain it, and for a sale of the property at the same time.

[In the matter of J. McClellan, a bankrupt.]

BALLARD, District Judge. This is an application to the court by the assignee for authority to sell one hundred and twenty-seven and three quarters acres of land, part of the etstate of the bankrupt, subject to a lien thereon for "about two thousand dollars." The note to form No. 34, prescribed by the justices of the supreme court, contemplates that such a petition may be presented to the court by the assignee; but in my opinion the assignee may make such sale without any order of court, and therefore the order prayed for will not be made. It may be difficult to derive the authority from either the 14th or the 15th sections of the bankrupt act; but surely it

cannot be doubted that the 20th section expressly confers it. This section, among other things, provides that "if the value of the property (covered by mortgage, pledge, or lien) exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein, on receiving such excess; or he may sell the property, subject to the claim of the creditor thereon." This language is too explicit to admit of any doubt in construction. But, clear as is the authority of the assignee to sell mortgaged property subject to the mortgage, I think it is an authority which should not always be exercised. Ordinarily persons prefer to purchase property free from incumbrance. They fear that questions may arise in respect to the amount of the incumbrance, and that they may have difficulty in obtaining a clear title. Therefore, when the debt for which the property is bound as security is due, the interest of creditors will, I suppose, generally be promoted by a sale of the whole property. This may be effected by sale made by the assignee and mortgagee jointly or in pursuance to the judgment of some court of competent jurisdiction. When the amount of the debt claimed by the creditor is not admitted by the assignee, and cannot be agreed between them, of course the assignee should resort to the proper court to ascertain it, and for a sale at the same time. In all cases the assignee will consider the interest of creditors, and should sell property subject to the incumbrance upon it, or seek to have it sold free from incumbrance, accordingly as he thinks the interest of the creditors of the bankrupt will be promoted by the one or the other mode of sale. The clerk will send a copy of this opinion to the assignee.